OPINION
Defendant-appellant, James Rice, appeals the decision of the Cuyahoga County Court of Common Pleas, Criminal Division, which found him to be a sexual predator under R.C. 2950.09. Defendant-appellant raises eleven assignments of error. This court, finding no error, affirms the trial court's decision.
On June 11, 1990, defendant-appellant pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05, sexual battery in violation of R.C. 2907.03, and rape in violation of R.C. 2907.02 (all with violence and/or aggravated felony specifications). On June 29, 1990, defendant-appellant was sentenced accordingly.
On May 28, 1997, the trial court ordered a hearing concerning the application of H.B. 180. At the hearing, the state presented the court with an overview of the facts underlying defendant-appellant's convictions for gross sexual imposition, sexual battery and rape of his girlfriend's three daughters during the period 1981-1990.
Defense counsel did not produce any evidence but rather, based their argument on three motions that were previously filed with the court: 1) a motion arguing the Rules of Evidence should apply to the hearing, 2) a motion for a court appointed psychological/psychiatric examination, and 3) a motion to dismiss based upon the constitutionality of R.C. Chapter 2950. The trial court denied defendant-appellant's motions and found defendant-appellant to be a sexual predator. Defendant-appellant timely files this appeal.
Defendant-appellant assigns the following errors for review concerning the constitutionality of R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATED ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S, H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE. VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER. VIII. H.B. 180 AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATIVE STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
After a complete review of the record and briefs of counsel, we overrule defendant-appellant's assigned errors concerning the constitutionality of R.C. Chapter 2950 based upon the recent Ohio Supreme Court ruling in State v. Cook (1998), 83 Ohio St.3d 404
and our interpretation of Cook in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. In those cases it was held the notification, registration and verification provisions are remedial in nature as opposed to punishment, and that R.C. Chapter 2950 is constitutional in toto. For those reasons and in the interests of judicial economy, defendant-appellant's first, fourth, fifth, sixth, seventh, eighth, ninth and tenth assigned errors are not well taken.
Defendant-appellant states as his second assignment of error:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF "RIGHT TO CROSS EXAMINE" THE EVIDENCE AGAINST APPELLANT. (SIC.)
Defendant-appellant argues he was denied his right to due process at the classification hearing held by the trial court. Specifically, he argues the court's determination was based upon evidence which could not be cross-examined. However, we find the hearing held by the trial court complies with the mandates of R.C. Chapter 2950.
After the state presented the underlying facts of defendant-appellant's conviction, the court stated that it reviewed the presentence investigation report. The trial court then afforded defendant-appellant the opportunity to testify, present evidence, and call witnesses. Defense counsel chose not to call any witnesses or present any evidence in rebuttal. Therefore, the procedural safeguards provided for in R.C. 2950.09
were afforded to defendant-appellant. Defendant-appellant's second assignment of error is not well taken.
Defendant-appellant states as his third assignment of error:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE: "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant-appellant argues that evidence presented at the hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
In this case, the state presented clear and convincing evidence that defendant-appellant had pled guilty to sexually oriented offenses. Moreover, the state provided details of the nature of these offenses in that defendant-appellant committed numerous sexually oriented offenses against three victims over a period of nine years. Finally, the trial court stated in the record that it had reviewed the pre-investigation report in making its determination. Again, defense counsel did not present any evidence concerning the matter.
Under the guidelines set forth in Cook, supra, we cannot hold that there was insufficient evidence upon which the trial court concluded and/or reasoned that defendant-appellant was a sexual predator by clear and convincing evidence pursuant to R.C.2950.09. Here, defendant-appellant committed numerous sexually oriented offenses against his then-girlfriend's three daughters over a period of nine years. The oldest daughter reported that defendant-appellant had sexual relations with her since she was eight years old until she was fourteen. Another daughter stated that defendant-appellant had a sexual relationship with her from the time she was twelve years old to the age of seventeen. During that time defendant-appellant fondled her breasts, her buttocks and vagina. He also placed his fingers into her vagina which led to intercourse. In fact, she believed defendant-appellant might be the father of one of her children born during that period.
The youngest daughter, stated defendant-appellant twice put his fingers in her vagina. One of the daughters also stated defendant-appellant would keep them from school and engage in sexual relations as punishment. After a review of the record it is clear that in making its determination the court considered a number of factors set forth in R.C. 2950.09(B)(2) and the presentence investigation report. Accordingly, there was sufficient evidence in the record upon which the court could conclude defendant-appellant was a sexual predator under the clear and convincing standard. Defendant-appellant's third assignment of error is not well taken.
Defendant-appellant states as his eleventh assignment of error:
 XI. APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11(C). WHERE, APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
Defendant-appellant argues that his guilty plea was not knowingly and intelligently made since he was not made aware of the "effects" of his plea as mandated by Crim.R. 11; i.e., the application of R.C. Chapter 2950. Defendant-appellant's argument is not well taken for two reasons.
First, at the time the trial court accepted his guilty plea, the court informed him of the maximum punishment and all the effects of his plea in existence at that time as mandated by Crim.R. 11. As we previously stated, R.C. Chapter 2950 is remedial in nature and cannot be considered "punishment" for purposes of Crim.R. 11. See Cook, supra. The registration and notification requirements are merely collateral consequences to defendant-appellant's decision to plead guilty to the sexually oriented offenses. R.C. 2950.09 does not in any way impose additional punishment beyond the terms of the plea agreement. Therefore, at the time of accepting defendant-appellant's plea, the trial court informed defendant-appellant of the penalty involved and all of the "effects" of his plea which are required by Crim.R. 11.
To argue the trial court has to inform defendant-appellant of all of the possible consequences of his plea is untenable. For example, the trial court does not have to inform defendant-appellant of all the "effects" of his plea such as the potential for losing his/her job, home, marriage, reputation or that his/her plea to a felony will deprive him/her the right to vote and/or possess a firearm. Since R.C. Chapter 2950 is remedial in nature, the failure to inform defendant-appellant of its effect does not invalidate an otherwise valid plea.
Secondly, defendant-appellant has not filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and has therefore waived this issue on appeal. See, State v. Betances
(July 10, 1997), Cuyahoga App. No. 70786, unreported, citingState v. Stokes (March 7, 1996), Cuyahoga App. No. 69032, unreported. Since the validity of defendant-appellant's plea was not raised at the trial court level and for the reasons above mentioned, defendant-appellant's eleventh assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, P.J.,
MICHEAL J. CORRIGAN, J.
POCCO, J., CONCUR.